UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYOHO MYSTIC WINSTON, JR., <br><br> Plaintiff, <br><br> v. <br><br> RUSSELL K. PAUL, <br><br> Defendant. | Case No.  1:22-cv-00343-EPG <br><br> ORDER DENYING MOTION TO APPOINT COUNSEL <br><br> (ECF No. 5) |

  Plaintiff Myoho Winston, Jr. is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). Upon initial screening on March 30, 2022, the Court concluded that Plaintiff failed to state a deliberate-indifference claim against Defendant Russell K. Paul but provided Plaintiff with the applicable legal standards and opportunity to amend his complaint within thirty days, or, alternatively, to stand on his complaint and have it reviewed by a district judge. (ECF No. 3).

  On April 11, 2022, Plaintiff filed a motion to appoint counsel, arguing that the Court should appoint counsel because he is unable to afford counsel, he has limited access to the law library due to COVID protocols at his prison, the issues are complex, and he has limited legal knowledge. (ECF No. 5, pp. 1, 4).

  Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28

1

U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Further, the Court has already explained in its screening order the deficiencies in Plaintiff's complaint and provided the relevant legal standards for Plaintiff to review should he wish to amend his complaint, which will help him articulate his claims despite his limited law library access and lack of legal training. Lastly, the factual issues are not so complex at this stage of the proceedings, as evidenced by Plaintiff's lengthy recitation of his medical treatment in his complaint, that Plaintiff would be unable, without counsel, to simply and concisely state the facts supporting his cause of action in an amended complaint.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of counsel at a later stage of the proceedings.

Accordingly, IT IS ORDERED that Plaintiff's motion to appoint counsel (ECF No. 5) is denied without prejudice.

IT IS SO ORDERED.

Dated:   **April 12, 2022**                    /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE