UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MYOHO MYSTIC WINSTON, JR.,

Plaintiff,

v.

RUSSELL K. PAUL,

Defendant.

Case No. 1:22-cv-00343-EPG (PC)

ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITHOUT FURTHER LEAVE TO AMEND

(ECF No. 7)

OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS

Plaintiff Myoho Winston, Jr. is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1).

Plaintiff filed his complaint on March 24, 2022. (ECF No. 1). On March 30, 2022, the Court screened the complaint and concluded that it failed to state any cognizable claims. (ECF No. 3). The Court gave Plaintiff thirty days to either file an amended complaint or notify the Court in writing that he wanted to stand on his complaint. (*Id.* at 9).

On April 14, 2022, Plaintiff file a first amended complaint. (ECF No. 7). The Court has reviewed the first amended complaint, and, for the reasons given below, will recommend that this action be dismissed for failure to state a claim and without further leave to amend.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff names Dr. Russell Paul as the only Defendant in this case and states that the events of the complaint arose while Plaintiff was confined at Kern Valley State Prison (KVSP). (ECF No. 7, pp. 1-2, 6). Defendant is a doctor at "Adventist Health/Bakersfield" and is "contracted by KVSP" to provide "medical care to prisoners and specifically for the overall

treatment and evaluation and diagnoses of medical illnesses."[1]  (*Id.* at 6-7).

"On April 28, 2020, Plaintiff was sent to Adventist Health emergency room complaining of left upper extremity swelling as well as left shoulder and neck pain." (*Id.* at 7). Defendant performed an angioplasty and placed a stent "because he thought Plaintiff had an extra rib." (*Id.*).

On July 1, 2021, Plaintiff returned to Adventist Health's emergency room "complaining of excruciating pain." (*Id.*). "While there, Dr. Condie found that the stent which was planted by Defendant had broken, resulting in recurrent left arm swelling consistent with venous thoracic outlet syndrome requiring surgical intervention with bypass rib segment resection." (*Id.*). "Plaintiff consulted with Defendant about having the stent removed, but the surgery to remove the broken stent could not be performed because of the muscle tissue that grew around it [could] cause an open chest surgery to remove. Defendant refused to perform the surgery." (*Id.*).

"Defendant's decision to place a stent . . . was inadequately performed and resulted in Plaintiff's left arm, shoulder and neck to swell, causing excruciating pain and suffering." (*Id.*). Accordingly, "Plaintiff will have to continue on anticoagulation with Eliquis for life to prevent blood clots and create a pathway to accommodate a higher blood flow." (*Id.*).

Since September 12, 2021, Plaintiff has submitted requests for medical service and "filed a grievance requesting removal of the stent, with the knowledge that it has to be done with open-chest surgery . . ., [b]ut Defendant Paul has refused to do so." (*Id.* at 8). Defendant's failure to remove the stent "constitute[s] deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment." (*Id.*). And Defendant has "acted intentionally in the manner described above and with knowledge of Plaintiff's suffering and the risk of further serious harm that could result from his actions of failure to act in providing Plaintiff adequate medical treatment causing thoracic outlet syndrome and deep vein thrombosis []." (*Id.*). Plaintiff requests monetary relief and an injunction ordering Defendant "or his agents" to

---

[1] For readability, minor alterations, such as correcting misspellings and altering capitalization and punctuation, have been made to quotations from Plaintiff's complaint without indicating the changes.

"[i]mmediately arrange for Plaintiff to receive the surgery to remove the broken stent." (*Id.*).

## III. ANALYSIS OF PLAINTIFF'S COMPLAINT

### A. Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law,[2] and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional

---

[2] For purposes of screening only, the Court concludes that Plaintiff's allegation that Defendant contracted with KVSP to provide medical treatment to inmates satisfies the requirement that Defendant acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 57 (1988) (concluding that doctor who contracted to provide medical care to prisoners acted under color of state law for purposes of § 1983).

harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B.     Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). Civil recklessness—failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known"—is insufficient to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical provider—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.  "Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Toguchi*, 391 F.3d at 1058 (alterations in original) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Here, Plaintiff alleges that Defendant was deliberately indifferent to his serious medical needs because Defendant has failed "to provide for the removal of the stent." (ECF No. 1, p. 10). However, Plaintiff's first amended complaint has failed to allege sufficient facts to state a deliberate-indifference claim, suffering some of the same deficiencies that the Court identified in its first screening order.

As an initial matter, while Plaintiff states that Defendant is responsible for providing medical care to prisoners at KVSP, Plaintiff states that he is currently confined at a different prison, "California State Prison-LAC." (ECF No. 7, p. 6). Although the Court warned Plaintiff in the prior screening order that—to the extent that Plaintiff complains of an ongoing lack of treatment, he failed to allege facts establishing that Defendant is responsible for providing medical care to prisoners at California State Prison-LAC—Plaintiff has again failed to allege facts showing that Defendant's contract to provide medical care extends to prisoners at California State Prison-LAC.

Additionally, as the Court previously advised Plaintiff, to the extent that Plaintiff is asserting a deliberate-indifference claim based on Defendant's purported error in placing the stent, this also does not state a claim for deliberate indifference because Plaintiff does not allege that Defendant purposely refused to provide care or knew of and disregarded an

6

excessive risk his health in placing the stent. Rather, Plaintiff alleges that Defendant's placement of the stent was done "because he thought Plaintiff had an extra rib." (ECF No. 7, p. 7). Though Plaintiff asserts that this "was inadequately performed," such is not enough to rise to the level of deliberate indifference. (*Id.*). Rather, such claims of misdiagnosis and negligence are insufficient to state a constitutional claim for purposes of § 1983. *See Estelle*, 429 U.S. at 105 ("An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain."); *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012) (noting that allegations of "negligent misdiagnosis" were insufficient to state a deliberate-indifference claim against a doctor). This is because "deliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835 (citing *Estelle*, 429 U.S. at 104).

Lastly, there is a notable addition to Plaintiff's complaint—the allegation that he consulted directly with Defendant about having the stent removed, with Defendant refusing to do so because the "the surgery to remove the broken stent could not be performed because of the muscle tissue that grew around it may cause an open chest surgery to remove." (ECF No. 7, p. 7). Accordingly, Plaintiff must "continue on anticoagulation with Eliquis for life to prevent blood clots and create a pathway to accommodate a higher blood flow." (*Id.*). However, even with the addition of such allegations, Plaintiff has failed to state a claim.

As noted above and as the Court previously advised Plaintiff, where a prisoner is receiving a course of treatment, although not his preferred treatment, he must show that the chosen course of treatment is medically unacceptable under the circumstances and was chosen in conscious disregard of an excessive risk to the prisoner's health. Here, although Plaintiff wants surgery, he has failed to allege any facts showing that his continuing with medication to treat his symptoms is medically unacceptable compared to his preferred request for "open-chest surgery." (*Id.* at 8). Without such allegations, Plaintiff has, at most, "raised a difference of medical opinion regarding his treatment," which "does not amount to a deliberate indifference to [his] serious medical needs." *Sanchez*, 891 F.2d at 242.

///

## IV. ORDER AND RECOMMENDATIONS

Thus, IT IS ORDERED that the Clerk of Court is respectfully directed to appoint a district judge to this case.

And the Court recommends that this action be dismissed without granting Plaintiff further leave to amend. In the Court's prior screening order, the Court identified the deficiencies in Plaintiff's complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend his complaint. Plaintiff filed his first amended complaint with the benefit of this information but failed to cure the deficiencies identified in the screening order. Thus, it appears that further leave to amend would be futile.

Accordingly, IT IS RECOMMENDED as follows:

1. Plaintiff's first amended complaint be dismissed for failure to state a claim and without further leave to amend, and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 25, 2022**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE